Citation Nr: 1602944 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 10-37 148 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for sleep apnea, to include as secondary to hepatitis B. 


REPRESENTATION

Veteran represented by: Tennessee Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. Andrew Ahlberg, Counsel

INTRODUCTION

The Veteran served on active duty from October 1968 to July 1972.

This matter comes before the Board of Veterans Appeals (Board) on appeal from an August 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. In February 2013, February 2014, December 2014, and August 2015 this appeal was remanded by the Board for additional development and now returns for further appellate review. 

In July 2012 the Veteran testified at a video-conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the record.

This appeal has been processed utilizing the Veterans Benefits Management System (VBMS) and Virtual VA paperless electronic claims processing systems. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although the Board sincerely regrets the additional delay, a remand is once again necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim of entitlement to service connection for sleep apnea so that he is afforded every possible consideration. 38 U.S.C.A. 
§ 5103A (West 2014); 38 C.F.R. § 3.159 (2015). In addition, where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App 268 (1998).

The Veteran asserts that his sleep apnea is directly related to his military service or, in the alternative, is secondary to his service-connected hepatitis B. As indicated previously, this claim was most recently remanded in August 2015 in order to obtain an addendum opinion regarding the etiology of the Veteran's sleep apnea. Such opinion was subsequently obtained in October 2015. However, in a November 2015 statement, the Veteran identified non-compliance with the Board's August 2015 remand instructions as the October 2015 medical opinion did not reflect consideration, as directed in the August 2015 remand, of the Veteran's "lay statements regarding the incurrence of his claimed sleep disorder and the continuity of symptomatology." While the October 2015 VA medical opinion is otherwise in compliance with the Board's August 2015 remand instructions, an addendum opinion from the VA physician who competed the October 2015 opinion that documents consideration of the any lay assertions of record is necessary in order to ensure compliance with the August 2015 Board remand directives. 

In addition, as the Veteran in his November 2015 statement indicated that he had included additional lay statements from his wife and daughter, but such statements are not currently of record, the AOJ upon remand will be requested to conduct the appropriate development to obtain such lays statements, if they exist, so as to ensure that there is a complete record to adjudicate the Veteran's claim.

Accordingly, the case is REMANDED for the following action:

1. Conduct the appropriate development, to include contacting the Veteran if necessary, to associate with the record the "additional" statements from the Veteran's wife and daughter referenced in his November 2015 communication. 

2. Following the completion of the development requested above, the Veteran's record should be provided to the VA physician who completed the October 2015 medical opinion for purposes of review and to provide the below requested opinion regarding the etiology of the Veteran's sleep apnea. An examination of the Veteran is not required unless deemed necessary by the medical professional selected to offer the opinion. The record, to include a copy of this Remand, must be made available to and be reviewed by the examiner. 

The physician should offer an opinion as to whether it is at least as likely as not (a 50 percent or higher degree of probability) that the Veteran's sleep disorder, diagnosed as obstructive sleep apnea, is related to his military service, to include his abnormal sleep patterns in the Air Force due to his MOS of cook and/or in-service hospitalization for hepatitis with complaints of fatigue. 

The examiner should also offer an opinion as to whether the Veteran's sleep disorder is at least as likely as not (a 50 percent or higher degree of probability) caused OR aggravated by his service-connected hepatitis B. For any aggravation found, the examiner should state, to the best of their ability, the baseline of symptomatology and the amount, quantified if possible, of aggravation beyond the baseline symptomatology by the aggravation.

In offering any opinion, the examiner must consider the Veteran's lay statements regarding the incurrence of his claimed sleep disorder and the continuity of symptomatology. A response must be provided for each question listed above and a rationale must be provided for each opinion offered.

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the claim should be readjudicated based on the entirety of the evidence. If this claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).